UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM O'DRISCOLL,

        Plaintiffs,

vs.

ARBOR GROVE CONDOMINIUM
ASSOCIATION, INC., a Florida not for profit
corporation and RESOURCE PROPERTY MANAGEMENT,

        Defendants.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

### VERIFIED COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ., AND THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.72, ET SEQ.,

Plaintiff, WILLIAM O'DRISCOLL ("Plaintiff"), files suit against Defendants, ARBOR GROVE CONDOMINIUM ASSOCIATION, INC. ("ARBOR GROVE") and RESOURCE PROPERTY MANAGEMENT ("RPM"), together as "Defendants"), and as grounds therefore states:

### INTRODUCTION

1. Count I is based on Plaintiff's claims under the Florida Consumer Collections Practices Act, *Fla. Stat. § 559.55, et seq.*, ("FCCPA") as to ARBOR GROVE and RPM.

2. Count II is based on Plaintiff's claims under the Fair Debt Collection Practices Act, *15 U.S.C § 1692*, *et seq*. ("FDCPA").

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over the FDCPA cause of action because this cause of action arises out of a violation of federal law. 47 U.S.C. § 227(b); *Mims Arrow Fin Servs., LLC*, 132 S. Ct. 740 (2012).

4. This court has jurisdiction over the FCCPA cause of action under its supplemental jurisdiction. 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the events giving rise to Plaintiffs' causes of action originated and occurred within the State of Florida and Defendants conduct business in the Pinellas County, FL. Moreover, the subject property is located in the Pinellas County, FL.

## PARTIES

6. Plaintiff is a record owner of real property located in Pinellas County, Florida.

7. Defendant, RPM, is a Florida for profit Corporation that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida.

8. Defendant, RPM, is engaged in the business of collecting consumer debts, acting as attorneys for various condominium associations and homeowner's associations, from consumers in the state of Florida and in Pinellas County, Florida.

9. Defendant, ARBOR GROVE, is a Florida not-for-profit corporation that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida.

10. Defendant, ARBOR GROVE, is engaged in the business of collecting consumer debts, from consumers in the state of Florida and in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

11. At all times relevant, Defendants, ARBOR GROVE and RPM conducted business in the State of Florida within this judicial district.

12. Defendant ARBOR GROVE engages in debt collection, as defined by the FCCPA, in the State of Florida.

13. Defendant RPM engages in debt collection, as defined by the FDCPA and FCCPA, in the State of Florida.

14. At no time did Plaintiff enter into a business relationship with Defendant, ARBOR GROVE.

15. At no time did Plaintiff enter into a business relationship with Defendant, ARBOR GROVE.

16. Plaintiff allegedly, pursuant to communications received from Defendant, ARBOR GROVE owes a consumer debt as that term is defined by both the FDCPA and FCCPA.

17. Plaintiff is a consumer as that term is defined by both the FDCPA and the FCCPA.

18. Defendant, ARBOR GROVE, is a debt collector as that term is defined by the FCCPA.

19. Defendant, RPM, is a debt collector as that term is defined by both the FDCPA and the FCCPA.

20. Within the last year, Defendant, ARBOR GROVE, attempted to collect consumer debts from Plaintiff.

21. Within the last year, Defendant, RPM, attempted to collect consumer debts from Plaintiff.

22. Defendant, ARBOR GROVE, regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

23. Defendant, RPM, regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

24. During the course of its attempts to collect debts owed, either directly or through an agent, or due or asserted to be owed or due another, Defendant, ARBOR GROVE, acting through its agents, sent Plaintiff bills, statements, or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

25. During the course of its attempts to collect debts owed, either directly or through an agent, or due or asserted to be owed or due another, Defendant, RPM, sent Plaintiff bills, statements, or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

26. Defendant, ARBOR GROVE, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

27. Defendant, RPM, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

28. Plaintiff's alleged debts to all Defendants arise from transactions for personal, family, and household purposes as Plaintiff purchased this property to initially serve as his homestead, owner-occupied, residence. Said debt, namely association dues, arose from that purchase.

29. Specifically, Plaintiff purchased property within the ARBOR GROVE community.

30. Said property was subject to Defendant, ARBOR GROVE's, Declaration, Bylaws, and other governing documents.

31. Said declaration was replaced with the Amended Declaration of Restrictions and Affirmative Covenants for Arbor Grove (also ARBOR GROVE).

32. Said documents allow for the collection of assessments with the property and these assessments represent a consumer debt that is incurred for family, household, or personal reasons. Further, the association has the right to fine, upon reasonable notice and an opportunity to be heard. Fla. Stat. 718.303 defines reasonable notice as 14 days prior to the hearing before a committee of at least three members appointed by the board who are not officers, directors, or employees of the association, or the spouse, parent, child, brother, or sister of an officer, director, or employee.

33. Regardless of how property is titled each unit owner is liable for assessments and fines, if properly levied.

34. Defendant ARBOR GROVE alleged violations of rules in September and October of 2021.

35. Prior to this determination, the Defendant ARBOR GROVE sent written correspondence citing to the alleged problematic behavior and indicated that it may resort to sending the matter to a fining committee.

36. Pursuant to Fla. Stat. 718.303, the fine is the sole legal remedy for violations of the rules and regulations.

37. If amounts fines unpaid, an additional remedy exists of suspending a unit owner's rights to use common elements or common facilities.

38. Despite this, Defendant ARBOR GROVE retained counsel RPM to pursue injunctive relief for the same activities that were levied as fines.

39. This is a legal right that did not exist under Fla. Stat. 718.303, the declaration, or Florida law.

40. Despite having an adequate legal remedy, the Defendant has now been sent written statements from the association seeking to collect a fine and "attorney's fees, per manager."

41. These attorney's fees are based off of the impermissible action filed in state court seeking injunctive relief.

42. Based on these communications, Plaintiff has suffered actual damages as a result of Defendants actions by virtue of having to pay the costs associated with the defense of the state court litigation and to retain counsel therein.

## COUNT I – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES AGAINST ARBOR GROVE AND RPM

43. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 41 of this Complaint as though fully set forth herein.

44. Defendants, ARBOR GROVE and RPM violated FCCPA § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt was not legitimate as a portion of same was time barred by the applicable statute of limitations *Fla. Stat. 95.11(2)(b)*.

45. Defendants, ARBOR GROVE and RPM violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt, or a portion thereof, when Defendant knew the right to collect said debt did not exist.

46. Defendants, ARBOR GROVE and RPM violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt, namely threatening "additional collection activities", when Defendant knew the right to collect said debt did not exist under the declaration and Fla. Stat. 718.303 with respect to the fine.

47. Defendants, ARBOR GROVE and RPM violated FCCPA § 559.72(9) by including language in its initial communication, through counsel, that sought a settlement of the amounts in question without providing written notice that no litigation could ensue with respect to the debt in question.

48. Defendants, ARBOR GROVE and RPM violated FCCPA § 559.72(18) by communicating with a known represented party.

5

49. As a direct and proximate cause of Defendants, ARBOR GROVE and RPM, debt collection activities, Plaintiff has suffered damages – both actual and statutory. In addition to statutory damages, Plaintiff has suffered actual damages as the amount alleged by Defendant, ARBOR GROVE, far exceeds the amount actually due and owing. Due to the collection practice, Plaintiff has had to defend a state law action that seeks amounts that are not accurate and has incurred costs including mailing, time off of work, etc.

WHEREFORE, Plaintiff, WILLIAM O'DRISCOLL, requests that this Court award the following relief in favor of Plaintiff against the Defendants, ARBOR GROVE and RMP:

a. Actual damages as prescribed by statute as to each Defendant;

b. The maximum amount of statutory and/or additional damages provided under Fla. Stat. § 559.77(2) as to each Defendant.

c. Reasonable attorney's fees and the costs of this action; and

d. Such other and further relief as this Court may deem just and proper.

### COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST RPM

50. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 42 of this Complaint as though fully set forth herein.

51. Defendant, RPM, violated FDCPA 15 U.S.C § 1692(e)(2)(a) by falsely representing the character, amount, or legal status of the Debt, in its statements asserting that the Fine could be collected through additional collection activities.

52. Defendant, RPM, violated FDCPA 15 U.S.C § 1692(e)(2)(b) by falsely representing the character, amount, or legal status of the Debt by indicating that attorney's fees relating to the injunctive action were recoverable in the statement.

53. Defendant, RPM, violated FDCPA 15 U.S.C § 1692(e)(11) by failing to indicate that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

54. Defendant, RPM, violated FDCPA 15 U.S.C § 1692(c) by communicating with a known represented party.

54. Defendant, RPM, violated FDCPA 15 U.S.C § 1692(c) by communicating with a known represented party.

55. In addition to statutory damages, Plaintiff has suffered actual damages as the amount alleged by Defendant, RPM, far exceeds the amount actually due and owing. Due to the collection practice, Plaintiff has lost the ability to lease the unit for fears of impending judgment of time barred amounts, in addition to having to use her cellular plan or landline to make phone calls to RPM's agents and/or employees.

WHEREFORE, Plaintiff, WILLIAM O'DRISCOLL, requests that this Court award the following relief in favor of Plaintiff against the Defendant, RPM :

a. Actual damages sustained by Plaintiff;
b. The maximum amount of statutory additional damages provided under 15 U.S.C 1692k;
c. Reasonable attorney's fees and the costs of this action; and
d. Such other and further relief as this Court may deem just and proper.

### REQUEST FOR JURY TRIAL

Plaintiff respectfully request a jury trial on all issues so triable.

### VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

_____
WILLIAM O'DRISCOLL

55. In addition to statutory damages, Plaintiff has suffered actual damages as the amount alleged by Defendant, RPM, far exceeds the amount actually due and owing. Due to the collection practice, Plaintiff has lost the ability to lease the unit for fears of impending judgment of time barred amounts, in addition to having to use her cellular plan or landline to make phone calls to RPM's agents and/or employees.

WHEREFORE, Plaintiff, WILLIAM O'DRISCOLL, requests that this Court award the following relief in favor of Plaintiff against the Defendant, RPM :

a. Actual damages sustained by Plaintiff;
b. The maximum amount of statutory additional damages provided under 15 U.S.C 1692k;
c. Reasonable attorney's fees and the costs of this action; and
d. Such other and further relief as this Court may deem just and proper.

### REQUEST FOR JURY TRIAL

Plaintiff respectfully request a jury trial on all issues so triable.

### VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

_____
WILLIAM O'DRISCOLL

Date: August 19, 2022

THE CONSUMER PROTECTION ATTORNEY, PA
Attorneys for Defendant(s).
301 W. Platt St., #216.
Tampa, FL 33606
Phone: 813.252.0239
Email: bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.com

By: _____
Bryan. H. Dunivan Jr., Esq.
Fla. Bar No.: 102594
MI P. No.: 85206

7