```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

WILLIAM O'DRISCOLL,

    Plaintiff,
v.                               Case No. 8:22-cv-1984-VMC-JSS

ARBOR GROVE CONDOMINIUM
ASSOCIATION, INC., and
RESOURCE PROPERTY MANAGEMENT,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Defendants Arbor Grove Condominium Association, Inc. and Resource Property Management's Motion to Dismiss (Doc. # 11), filed on December 12, 2022. Plaintiff William O'Driscoll responded on November 23, 2022. (Doc. # 15). For the reasons that follow, the Motion to Dismiss is denied.

**I.**     **Background**

O'Driscoll initiated this Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA") case against Arbor Grove and RPM on August 29, 2022. (Doc. # 1). He filed an amended complaint on November 14, 2022. (Doc. # 9). O'Driscoll purchased a condominium in the Arbor Grove community. (Id. at ¶ 29). The property was subject to Arbor Grove's Declaration of Restrictions and Affirmative

1

Covenants, Bylaws, and other governing documents. (Id. at ¶¶ 30-31). Arbor Grove's governing documents allowed it to collect assessments and levy fines, upon reasonable notice and opportunity for a hearing. (Id. at ¶ 32).

On September 13, 2021, Arbor Grove fined O'Driscoll for "alleged problematic behavior." (Id. at ¶ 35). O'Driscoll states that the letter detailing the fine did not give proper notice of hearing. (Id. at ¶¶ 35-36). O'Driscoll further alleges that, instead of suspending his rights to use common elements or facilities, Arbor Grove retained RPM as counsel to collect the debt and pursue injunctive relief "for the same activities that were levied as fines." (Id. at ¶¶ 38-39). Arbor Grove filed suit against O'Driscoll in Florida state court on November 2, 2021. See Arbor Grove Condominium Association, Inc. v. William O'Driscoll, Case No. 21-005220-CI, Sixth Judicial Circuit in and for Pinellas County, Florida. O'Driscoll retained counsel on February 1, 2022, and instructed Arbor Grove and RPM to direct all future communications to his counsel. (Doc. # 9 at ¶ 43). According to O'Driscoll, Arbor Grove and RPM did not have the right to pursue injunctive relief against him for alleged violations of the community's bylaws. (Id. at ¶ 40-41).

O'Driscoll's FCCPA and FDCPA claims stem from two letters sent by Arbor Grove and RPM on May 17, 2022, and June 17, 2022. (Id. at ¶¶ 48, 54). The letters, which O'Driscoll attached to his amended complaint, demand O'Driscoll pay a $200 fine and "attorney fees, per manager" in the amount of $2,975. (Id. at ¶ 41). The letters also stated that Arbor Grove and RPM would pursue "additional collection activities" if he did not pay the amount owed. (Id. at ¶ 49).

In his amended complaint, O'Driscoll asserts in Count I that Arbor Grove and RPM violated the FCCPA by (1) asserting the existence of a legal right to collect a debt that they knew did not exist; (2) attempting to collect a debt without providing written notice that litigation could not ensue with respect to the debt in question; and (3) communicating directly with a known represented party. (Id. at ¶¶ 49-51). In Count II, he also alleges that RPM violated the FDCPA by (1) falsely representing the amount and legal status of the debt; (2) failing to indicate that the letters were from a debt collector attempting to collect a debt; (3) falsely including "attorney fees, per manager" in its letter when no court had awarded attorney fees; and (4) communicating directly with a known represented party. (Id. at ¶¶ 54-58).

3

O'Driscoll seeks to recover actual and statutory damages and reasonable attorney's fees and costs. (Id. at ¶¶ 52, 59).

Defendants filed a motion to dismiss the amended complaint. (Doc. # 11). O'Driscoll has responded (Doc. # 19), and the Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its

consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## III. Analysis

In their Motion, Arbor Grove and RPM raise the following issues: (1) whether Arbor Grove is an entity capable of violating the FCCPA; (2) whether O'Driscoll "attorney fees, per manager" qualify as "debt" under the FCCPA and FDCPA; (3) whether the state court action can be the basis of an FCCPA and FDCPA claim; and (4) whether Counts I and II are compulsory counterclaims in the state court action. The Court will address each in turn.

### A.   Entities Capable of Violating FCCPA

In the Motion to Dismiss, Arbor Grove argues that it cannot be held liable under the FCCPA because it is not a "debt collector" under the statute. (Doc. # 11 at 13). Arbor Grove leans on the definition of "debt collector" articulated in the FDCPA. (Id.). However, the Eleventh Circuit has determined that the FCCPA is not limited to debt collectors as defined by the FDCPA.

Both the FDCPA and FCCPA apply only to a "debt" as that term is defined by each statute. Under both statutes, "debt"

5

is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, . . . or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(1).

Under the FCCPA, "a debtor may bring a civil action against . . . any person who fails to comply with" its provisions. Fla. Stat. § 559.77. In contrast, the FDCPA provides that a debtor may bring an action against "any debt collector" who violates the law. 15 U.S.C. § 1692k(a). A "debt collector" includes "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Although courts have held that "the FCCPA is construed in accordance with the FDCPA," Kelliher v. Target Nat'l Bank, 826 F. Supp. 2d 1324, 1327 (M.D. Fla. 2011), there is a major difference between the statutes. "[T]he FCCPA applies to any 'person' collecting a consumer debt; it is not limited to statutorily defined 'debt collectors,' like the FDCPA." Alhassid v. Nationstar Mortg. LLC, 771 F. App'x 965, 969 (11th Cir. 2019). Thus, "[t]he FCCPA applies to anyone who attempts to collect a consumer debt which, unlike the FDCPA, brings

[the defendant] within its ambit." Helman v. Bank of Am., 685 F. App'x 723, 727 (11th Cir. 2017).

Further, HOA assessments and fines are consumer debts, as they stem directly from consensual home-purchase transactions. See Agrelo v. Affinity Mgmt. Servs., LLC, 841 F.3d 944, 952 (11th Cir. 2016) ("As a result, the homeowners' obligation to pay a fine is a debt because the HOA assessments at issue . . . arose directly from a consumer debt."); see also Kelly v. Duggan, 282 So. 3d 969, 970 (Fla. 1st DCA 2019) (holding condominium assessments arise from a transaction to purchase residential property and condominium assessments are consumer debts under the FCCPA).

Therefore, Arbor Grove is an entity capable of violating the FCCPA, as it attempted to collect an HOA fine, a consumer debt, from O'Driscoll. The Motion to Dismiss is denied on this ground.

B.  **Recovery of Attorney's Fees**

Arbor Grove and RPM also contend that O'Driscoll has not sufficiently pled that the "attorney's fees, per manager" he seeks to recover are consumer debt as defined by the FDCPA and FCCPA. (Doc. # 11 at 10-12). They argue that their suit for injunctive relief is not an attempt to collect a debt. (Id. at 10). O'Driscoll responds that the attorney's fees

7

were wrongly included in the collection letters sent on May 17, 2022, and June 17, 2022. (Doc. # 15 at 3-7). The Court notes that neither party's argument on this point is a model of clarity, and neither the Motion to Dismiss nor O'Driscoll's response cite any case law on this issue.

While the Eleventh Circuit has not addressed the issue, other courts in this circuit have implicitly acknowledged that attorney's fees can fall under the FDCPA's definition of "debt." Meyer v. Fay Servicing, LLC, 385 F. Supp. 3d 1235, 1245 (M.D. Fla. 2019) (quoting Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004)) (finding that "[i]t is unfair to consumers under the FDCPA to hide the true character of the debt" by failing to disclose the amount of attorney's fees included in the total debt amount).

Courts in this circuit have frequently declined to dismiss FDCPA and FCCPA claims premised in part on attempts to collect attorney's fees charged in connection with a consumer debt. See Roundtree v. Bush Ross, P.A., 304 F.R.D. 644, 659 (M.D. Fla. 2015) (denying motion to dismiss FDCPA class claim premised on collection attempts "seeking payment of monies purportedly due an association, including attorneys' fees and/or expenses incurred in connection with [debt collector's] legal services"); Brussels v. David E.

Newman, P.A., No. 06-61325, 2007 WL 676189, at *2 (S.D. Fla. Feb. 28, 2007) (denying motion to dismiss claim that defendants violated the FDCPA by seeking to collect attorney's fees). These cases are also relevant to whether attorney's fees can be considered "debt" under the FCCPA. See Agrelo, 841 F.3d at 950 ("Because the definition of 'debt' is identical in the FDCPA and FCCPA, we look to cases involving both statutes to determine whether the HOA fine is a debt under the FCCPA.").

In the May 17 and June 17 collection letters, Arbor Grove and RPM listed $2,975 in "attorney fees, per manager" as part of the outstanding balance O'Driscoll owed to Arbor Grove in connection with his unpaid HOA fines and assessments. (Doc. # 9-1). As the attorney's fees were demanded in connection with the HOA fine related to his personal use of property, O'Driscoll has properly alleged that the attorney's fees are a consumer debt.

### C. State Court Action as a Basis for Claims

Arbor Grove and RPM also argue that the amended complaint is "remiss as the pursuit of injunctive relief is not an attempt to collect a 'debt.'" (Doc. # 11 at 7). Arbor Grove and RPM argue that O'Driscoll cannot base his FDCPA and FCCPA

9

claims on the existence of their state court action against him. (Id.).

This argument carries no weight. O'Driscoll clearly bases his claims on specific violations of the FDCPA and FCCPA related to the letters Arbor Grove and RPM sent on May 17, 2022, and June 17, 2022. For example, he claims that the letters were communications with a known represented party, in violation of Fla. Stat. § 559.72(18) and 15 U.S.C § 1692(c). (Doc. # 9 at ¶¶ 51, 58). Therefore, O'Driscoll has not based his claims on the existence of the state court suit, but instead on the May 17 and June 17 letters' alleged flaws that violated the FDCPA and FCCPA.

### D. Compulsory Counterclaims

Finally, Arbor Grove and RPM contend that Counts I and II are compulsory counterclaims to the state court action. (Doc. # 11 at 15-17). They argue that O'Driscoll's claims "are primarily based on allegations that the relief requested within the injunction action 'falsely represent[s] the character or legal status of a debt' and other conduct that violates the FDCPA and FCCPA," and, therefore, the claims are compulsory under Florida's logical relationship test. (Id. at 17). O'Driscoll argues that his claims are not compulsory because they do not arise out of the same transaction. (Doc.

10

# 15 at 13-16). He contends that the violations of the FDCPA and FCCPA arose out of the collection letters, not the initial alleged violations that Arbor Grove seeks to enjoin in the state court suit. (Id. at 13).

Both Florida courts and the Eleventh Circuit have adopted the logical relationship test to determine whether a cause of action is a permissive or compulsory counterclaim. Hall v. MLG, P.A., 981 F. Supp. 2d 1267, 1270 (S.D. Fla. 2013). A logical relationship exists when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." Republic Health Corp. v. Lifemark Hospitals of Florida, Inc., 755 F.2d 1453, 1455 (11th Cir. 1985); see also Equity Residential Properties Tr. v. Yates, 910 So. 2d 401, 404 (Fla. 4th DCA 2005) (stating that a logical relationship exists when "(1) the same aggregate of operative facts serves as the basis for both claims; or (2) the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant").

With respect to consumer debt collection, "the money collected is a separate matter from the statutory violation." Carrero v. LVNV Funding, LLC, No. 11-62439-CIV, 2014 WL

11

6433214, at *5 (S.D. Fla. Oct. 27, 2014). Courts have routinely held that FDCPA and FCCPA claims are not compulsory counterclaims because "[a]n FDCPA claim concerns the method of collecting the debt . . . [and] does not arise out of the transaction creating the debt[.]" Azar v. Hayter, 874 F. Supp. 1314, 1317 (N.D. Fla. 1995) (emphasis added); see also France v. Ditech Fin., LLC, No. 8:17-cv-3038-SCB-MAP, 2018 WL 1695405, at *8 (M.D. Fla. Apr. 6, 2018) (finding FDCPA and FCCPA claims were not compulsory counterclaims in state court foreclosure action); Roban v. Marinosci Law Grp., Case No. 14-60296, 2014 WL 3738628, at *3 (S.D. Fla. July 29, 2014) (collecting cases rejecting FDCPA compulsory counterclaim argument).

Here, O'Driscoll's claims are premised on two collection attempts that occurred months after the alleged violation of Arbor Grove's rules and after Arbor Grove and RPM brought the underlying state court suit. Because the claims do not arise out of the same transaction as the one on which the state court action is premised, O'Driscoll's claims are not compulsory counterclaims in the state court action.

The Court therefore declines to dismiss O'Driscoll's amended complaint.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Arbor Grove Condominium Association, Inc. and Resource Property Management's Motion to Dismiss (Doc. # 11) is **DENIED.** Defendants' answer to the complaint is due within fourteen days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of May, 2023.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE