UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM O'DRISCOLL,

    Plaintiff,

v.                      Case No. 8:22-cv-1984-VMC-LSG

ARBOR GROVE CONDOMINIUM
ASSOCATION, INC., and
RESOURCE PROPERTY MANAGEMENT
INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of cross-motions filed by the parties: Plaintiff William O'Driscoll's Motion for Entitlement to Attorney's Fees and Costs (Doc. # 65), filed on April 10, 2024; and Defendants Arbor Grove Condominium Association, Inc. ("Arbor Grove") and Resource Property Management ("RPM")'s Motion for Entitlement to Fees and/or Costs (Doc. # 67), filed on April 26, 2024. RPM filed a response to Mr. O'Driscoll's Motion on April 24, 2024. (Doc. # 66). Mr. O'Driscoll filed a response to Arbor Grove and RPM's Motion on May 10, 2024. (Doc. # 69). For the reasons set forth below, Mr. O'Driscoll's Motion is granted in part and denied in part and Defendants' Motion is granted in part and denied in part.

1

I.  **Background**

On August 29, 2022, Mr. O'Driscoll initiated this action against Arbor Grove and RPM. (Doc. # 1). On November 14, 2022, Mr. O'Driscoll filed an amended complaint, which is the operative complaint. (Doc. # 9). Count One of the complaint alleged a violation by both RPM and Arbor Grove of the Florida Consumer Collection Practices Act ("FCCPA"), and Count Two alleged a violation by RPM of the Fair Debt Collection Practices Act ("FDCPA"). (Id. at 6-7).

The litigation between the parties has a long factual and procedural history, all of which the Court has recounted in its prior orders. (Doc. ## 34, 49). Thus, the Court will only recite the facts relevant to this Motion. Mr. O'Driscoll owned a condominium unit within the Arbor Grove community. (Doc. # 9 at ¶¶ 6, 29). The condominium was subject to Arbor Grove's Declaration, Bylaws, and other governing documents ("the Declaration"). (Id. at ¶ 30). Under the Declaration, "[i]n any proceeding arising because of an alleged failure of . . . the Association to comply with the requirements of the . . . Declaration . . . , the prevailing party shall be entitled to recover the costs of the proceeding and such reasonable attorney's fees . . . ." (Doc. # 67-1 at Ex. B at ¶ 19.4).

2

The dispute in this case arose from two fines levied by Arbor Grove against Mr. O'Driscoll (Doc. # 9-1), letters sent by RPM to Mr. O'Driscoll regarding these fines (Id.), and a lawsuit filed by Arbor Grove against Mr. O'Driscoll in state court on November 2, 2021, for "willfully and knowingly failing to comply with" Arbor Grove's Declaration. (Doc. # 44 at Ex. G).

On March 9, 2023, RPM served Mr. O'Driscoll with a Notice of Serving Joint Proposal for Settlement. (Doc. # 31). The proposal was "to allow entry of judgment against [RPM] as to both Counts for $2,002.00 (Two Thousand Two Dollars and Zero Cents), plus reasonable attorney's fees and taxable costs incurred in this action prior to Plaintiff's acceptance of or expiration of this offer to be paid by [RPM]. Said reasonable attorneys' fees and taxable costs to be determined by agreement of the parties and, if the parties cannot agree, by the Court upon Motion of Plaintiff." (Doc. # 66-1 at 4-5). The offer was "made to fully and finally resolve all claims against both Defendants by O'Driscoll." (Id.). RPM and Arbor Grove assert that Mr. O'Driscoll did not accept the offer. (Doc. # 66 at 2). Mr. O'Driscoll claims to have accepted the offer, asserting that the "result of this consent judgment

was the party's Unopposed Motion as to Consent to Liability and Issues Still to Be Determined." (Doc. # 69 at 1).

In that motion, the parties requested the Court find RPM liable for statutory damages in the amount of $1,000 for each count, while leaving undetermined RPM's liability for actual damages. (Doc. # 32). As to Arbor Grove, Arbor Grove would stipulate to liability "conditional upon the Court's determination that [it] can be liable under the FCCPA as a 'debt collector.'" (Id.). On May 2, 2023, the Court denied the motion, as it is not the Court's practice to accept interim agreements. (Doc. # 35).

On February 7, 2024, the Court granted in part and denied in part Defendants' motion for partial summary judgment. (Doc. # 49). Their motion for partial summary judgment exclusively sought summary judgment to limit Mr. O'Driscoll's damages. (Doc. # 44). The Court ordered that "[s]ummary judgment is granted in favor of Arbor Grove and RPM and against Plaintiff William O'Driscoll as to whether Arbor Grove and RPM properly imposed the $300 and $200 fines, and whether O'Driscoll can recover attorney's fees for his defense during the state court action seeking an injunction against him. The case will proceed to trial on all other issues." (Doc. # 49 at 37).

Prior to trial, RPM and Arbor Grove stipulated that they violated the FCCPA, and RPM stipulated that it violated the FDCPA. (Doc. # 50 at 1-2). On March 26 and 27, 2024, the Court held a jury trial, concluding with a verdict of $2,000 in statutory damages against RPM — $1,000 for violating the FDCPA and $1,000 for violating the FCCPA. (Doc. # 60). The jury assessed $0 in statutory damages against Arbor Grove. (Id.). The jury awarded no actual damages to Mr. O'Driscoll. (Id.). On April 30, 2024, the Court entered judgment in favor of Mr. O'Driscoll against Arbor Grove and RPM for $2,000. (Doc. # 68).

On April 10, 2024, Mr. O'Driscoll filed his Motion for Entitlement to Attorney's Fees and Costs. (Doc. # 65). On April 24, 2024, RPM filed its response. (Doc. # 66). On April 26, 2024, RPM and Arbor Grove filed their Motion for Entitlement to Attorney's Fees and/or Costs. (Doc. # 67). On May 10, 2024, Mr. O'Driscoll filed his response. (Doc. # 69). Each Motion is now ripe for review.

II. **Legal Standard**

Under the FDCPA, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of . . . in the case of any successful action to enforce the

5

foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Thus, "[t]he FDCPA entitles a prevailing party to the payment of costs and reasonable attorney's fees." Elie Neufeld, LLC v. Edward Wolf & Assocs., LLC, No. 22-23204-CIV, 2023 WL 4471606, at *3 (S.D. Fla. June 23, 2023), report and recommendation adopted, No. 22-23204-CIV, 2023 WL 4457884 (S.D. Fla. July 11, 2023).

Likewise, under the FCCPA, "any person who fails to comply with any provisions of [the FCCPA] is liable for . . . court costs and reasonable attorney's fees incurred by the plaintiff." Fla. Stat. § 559.77(2).

Under the FDCPA, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). The FCCPA has a similar provision, as "[i]f the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney's fees incurred by the defendant." Fla. Stat. § 559.77(2).

Regarding costs, under Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides

6

otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Then, "[a] claim for attorney fees must be made by motion . . . [that] specif[ies] the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2).

Under Rule 68, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). "[A]ll costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.' Thus, absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." Marek v. Chesny, 473 U.S. 1, 9 (1985).

### III. Analysis

In his Motion, Mr. O'Driscoll argues that he is the prevailing party because he received damages at trial and should be entitled to attorney's fees and costs up to and

7

through the point of trial. (Doc. # 65 at 4). His Motion is not clear as to whether he is seeking fees from both RPM and Arbor Grove, or just RPM. (Id.). To assure a full analysis, the Court construes his Motion as arguing that he is entitled to fees from each Defendant. In response, RPM argues that Mr. O'Driscoll should not be able to recover any fees or costs incurred after service to Mr. O'Driscoll of the Offer of Judgment. (Doc. # 66).

In their Motion, RPM and Arbor Grove raise a number of arguments, some jointly and some independently, as to why they are entitled to recover fees and/or costs. Defendants first argue that they are entitled to recover fees and costs incurred after service upon Mr. O'Driscoll of their Offer of Judgment. (Doc. # 66 at 3-7). Next, Arbor Grove argues that it is the prevailing party because $0 in damages were assessed against it at trial, such that it is entitled to have the entirety of its fees and costs covered by Mr. O'Driscoll under both Rule 54 and the Declaration. (Doc. # 67 at 7-8). Relatedly, RPM and Arbor Grove argue that they are entitled under Rule 54 to fees and costs for the issues resolved by the Court's order on their motion for partial summary judgment. (Id. at 4-7). Lastly, Arbor Grove and RPM argue that they are entitled to have the entirety of their fees and

8

costs covered by Mr. O'Driscoll because Mr. O'Driscoll pursued this litigation out of bad faith and harassment. (Id. at 10-13).

Given the overlapping nature of the parties' Motions, the Court organizes its analysis by the legal issues presented in each.

### A. Mr. O'Driscoll's entitlement to fees and costs

Mr. O'Driscoll is entitled to attorney's fees and costs as a prevailing party at trial as against RPM. Mr. O'Driscoll's award of $2,000 in damages from RPM makes him the prevailing party. See Thornton v. Wolpoff & Abramson, L.L.P., 312 F. App'x 161, 164-65 (11th Cir. 2008) (holding that in triggering the attorney-fee provision of the FDCPA, "[t]he difference between zero dollars and one dollar is the difference between an unsuccessful action and a successful action"). Accordingly, Mr. O'Driscoll is entitled to attorney's fees and costs from RPM. See Elie Neufeld, LLC, 2023 WL 4471606, at *3 ("The FDCPA entitles a prevailing party to the payment of costs and reasonable attorney's fees.").

The Court finds, however, that Mr. O'Driscoll is not entitled to recover any attorney's fees or costs from Arbor Grove. While Mr. O'Driscoll obtained a judgment against Arbor Grove (Doc. # 68), $0 in damages were assessed against Arbor

9

Grove. (Doc. # 60). Obtaining no damages renders the action unsuccessful by Mr. O'Driscoll regardless of the entry of judgment in his favor. See Birster v. Am. Home Mortg. Servicing, Inc., No. 10-80735-CIV, 2012 WL 12854864, at *1 (S.D. Fla. Dec. 26, 2012) ("Appellate courts have construed [the attorney's fees provision of the FDCPA] to require that the Plaintiff recover damages under the FDCPA before attorneys' fees may be awarded."). see also Fla. Stat. § 559.77(5) ("In applying and construing [the FCCPA], due consideration and weight shall be given to the interpretations of the . . . federal courts relating to the [FDCPA]."). Having failed to prevail against Arbor Grove, Mr. O'Driscoll is not entitled to attorney's fees or costs from Arbor Grove.

### B. The Offer of Judgment

As an initial matter, the Court finds that Mr. O'Driscoll rejected the Offer of Judgment made by Defendants. In applying Rule 68, "an offeree cannot accept a different offer from that made by the offeror. There must be a meeting of the minds." Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1209 (11th Cir. 1983). Defendants' Offer of Judgment was "to fully and finally resolve all claims against both Defendants by O'Driscoll." (Doc. # 66-1 at 5). Mr.

O'Driscoll claims that the "Unopposed Motion as to Consent to Liability and Issues Still to be Determined" operated as his acceptance of that Offer. (Doc. # 32). However, that motion left a "question of law" for the Court to determine, and reserved for Mr. O'Driscoll "the right to have his actual damages determined by a jury." (Id. at 5). Accordingly, the motion cannot function as an acceptance of the Offer of Judgment because it did not "fully and finally resolve all claims." (Doc. # 66-1 at 5). Therefore, the Court concludes that Mr. O'Driscoll did not accept the Offer of Judgment.

That said, Mr. O'Driscoll's attorney's fees cannot be limited due to the Offer of Judgment. True, the $2,002 offered by Defendants to Mr. O'Driscoll in their Offer of Judgment is greater than the $2,000 obtained by Mr. O'Driscoll at trial. (Doc. # 66-1 at 4-5; Doc. # 68). This difference, however, is immaterial. Actions under the FDCPA are not subject to Rule 68(d)'s standard inclusion of attorney's fees. See Valencia v. Affiliated Grp., Inc., 674 F. Supp. 2d 1300, 1305 (S.D. Fla. 2009) ("[Because] the FDCPA's attorney's fee provision explicitly distinguishes attorney's fees from awardable 'costs,' Rule 68's cost-shifting mechanism is not triggered, and Plaintiff is not precluded from recovering attorney's fees incurred after the date of the offer." (internal

11

quotations omitted)); see also Pedraza v. United Guar. Corp., 313 F.3d 1323, 1334 (11th Cir. 2002) ("Each and every statute cited in Marek as including attorneys' fees within the definition of allowable costs features either the words 'as part of the costs' or similar indicia that attorneys' fees are encompassed within costs."). As such, there is no basis to limit the time period for which Mr. O'Driscoll may recover attorney's fees because of the Offer of Judgment. Thus, Mr. O'Driscoll may recover attorney's fees covering the entirety of the litigation.

However, Mr. O'Driscoll's rejection of the Offer of Judgment does limit his ability to claim costs for the entirety of the litigation, and in turn, entitles RPM and Arbor Grove to claim costs from Mr. O'Driscoll incurred after service of the Offer of Judgment. There is no basis to claim that Rule 68 is inapplicable to FDCPA actions as to costs incurred after the rejection of an offer of judgment. See Marek, 473 U.S. at 9 (holding that Rule 68(d) applies presumptively to both fees and costs, and exceptions exist which exclusively except fees from being deducted). By the plain language of Rule 68(d) then, Mr. O'Driscoll "must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Therefore, the Court finds that Mr. O'Driscoll is not entitled to recover costs incurred after service of the Offer of Judgment, while RPM and Arbor Grove are both entitled to recover their costs incurred after service of the Offer of Judgment upon Mr. O'Driscoll. See <u>Brandt v. Magnificent Quality Florals Corp.</u>, No. 07-20129-CIV, 2011 WL 4625379 (S.D. Fla. Sept. 30, 2011) (in FLSA action where the court determined that attorney fees were excepted from costs under Rule 68(d), the Court held that plaintiff could not claim post-offer costs, whereas the defendant could claim post-offer costs).

### C. **Arbor Grove's Entitlement to Full Fees and Costs**

The Court concludes that Arbor Grove is not the "prevailing party" such that it would be entitled to attorney's fees and costs from Mr. O'Driscoll under Rule 54 or the Declaration. Prior to trial, Arbor Grove conceded its liability for violating the FCCPA in the pretrial statement. (Doc. # 50 at 1-2). This concession was made clear to the jury both in the jury instructions and on the verdict form. (Doc. # 59 at 11; Doc. # 60 at 1). Furthermore, judgment was entered against Arbor Grove. (Doc. # 68).

"Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)."

13

Fireman's Fund Ins. Co. v. Tropical Shipping & Const. Co., 254 F.3d 987 (11th Cir. 2001) (quoting Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995)). Given that judgment was actually entered against Arbor Grove, the Court finds that Arbor Grove cannot be the prevailing party. The Court's conclusion is further bolstered by Arbor Grove's admission of liability. See (Doc. ## 50, 59, 60). It cannot be the case that a party who stipulates liability prior to trial, and then has judgment entered against it following trial, is the prevailing party.

In short, the Court concludes that neither Mr. O'Driscoll nor Arbor Grove was the prevailing party in Mr. O'Driscoll's FCCPA claim against Arbor Grove. Such a conclusion is permissible in the Eleventh Circuit. See Royal Palm Properties, LLC v. Pink Palm Properties, LLC, 38 F.4th 1372, 1380 (11th Cir. 2022) ("Nothing in Rule 54, nor in Supreme Court precedent, requires the district court to arbitrarily name a winner in such instances where neither party crosses the threshold to prevailing party status."). As explained above, the Court finds that neither Mr. O'Driscoll nor Arbor Grove reached prevailing party status. Accordingly, Arbor Grove is not entitled to attorney's fees or costs from Mr. O'Driscoll under Rule 54.

Relatedly, the Court need not address whether the Declaration applies in this litigation under a contract theory. The Declaration conditioned recovery of fees and costs upon there being a "prevailing party." (Doc. # 67 at Ex. B at ¶ 19.4). As there was no "prevailing party" as between Mr. O'Driscoll and Arbor Grove, the Declaration would not provide for either party to obtain fees even if it is applicable.

D. **Entitlement to Fees for the Partial Summary Judgment**

The Court also rejects RPM and Arbor Grove's argument that they should be entitled to fees and costs under Rule 54 for the issues decided in their favor in their motion for partial summary judgment. (Doc. # 67 at 4-7). Their motion for partial summary judgment exclusively sought to limit Mr. O'Driscoll's damages. (Doc. # 44). The Court granted the motion in part, limiting the number of issues for which Mr. O'Driscoll could claim damages, and denied the motion in part, allowing some of the issues to go forward to trial. (Doc. # 49). That is, while the facts upon which Mr. O'Driscoll could base his claims were limited, the Court did not grant summary judgment in favor of Defendants on any of Mr. O'Driscoll's causes of action.

As the Court has already concluded that Mr. O'Driscoll is the prevailing party as against RPM, RPM cannot claim prevailing party status based on the Court's partial summary judgment order, which resolved no causes of action in its favor. See Royal Palm Properties, LLC, 38 F.4th at 1378 ("The plain language of Rule 54 unequivocally restricts the number of prevailing parties to one.").

As against Arbor Grove, the Court has already explained why neither party prevailed in this aspect of the litigation. The Court's summary judgment ruling does not affect that conclusion. The ruling merely limited Mr. O'Driscoll's claims for damages. It did not grant summary judgment on the entirety of the claim against Arbor Grove. (Doc. # 49). The case went forward to trial on the claim, with Arbor Grove stipulating liability. (Doc. # 50 at 1-2). As each party can point to aspects of the litigation on which they succeeded (and on which they failed), the Court stands by its conclusion that there is no prevailing party as to the claim between Mr. O'Driscroll and Arbor Grove. See Royal Palm Properties, LLC, 38 F.4th at 1381 (holding that when each party "rebuffed the other's claim," there is no prevailing party (internal quotations omitted)).

16

### E. Bad Faith and Harassment

Lastly, Arbor Grove and RPM are not entitled to have their fees and costs covered by Mr. O'Driscoll based on Mr. O'Driscoll's alleged bad faith. The Court finds that this action was not brought in bad faith or for the purposes of harassment, nor did this action fail to raise a justiciable issue of law or fact.

"Bad faith implies knowing or reckless pursuit of a frivolous claim." Victor v. Petrousky, No. 6:19-cv-788-PGB-LHP, 2020 WL 7401604, at *3 (M.D. Fla. May 27, 2020); see also Rosello v. Chauncey, No. 8:19-cv-3027-CEH-CPT, 2024 WL 706081, at *4 (M.D. Fla. Feb. 21, 2024) (holding that defendants have "to affirmatively establish that [the plaintiff] knowingly or recklessly prosecuted frivolous FDCPA claims"). There is no evidence of bad faith here. Mr. O'Driscoll's claims were not frivolous, as he recovered damages from RPM at trial. (Doc. # 60). Furthermore, Defendants themselves admitted liability for the claims. (Doc. # 50 at 1-2). While Mr. O'Driscoll ultimately failed to recover the actual damages he sought at trial, the jury's award of only statutory damages does not suggest that Mr. O'Driscoll's bringing of this action and litigation of it through trial was baseless or in bad faith. On such a record,

17

the Court cannot conclude that Mr. O'Driscoll prosecuted his claims in bad faith or for harassment purposes.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff William O'Driscoll's Motion for Entitlement to Attorney's Fees and Costs (Doc. # 65) is **GRANTED IN PART** and **DENIED IN PART.**

(2) Defendants Arbor Grove Condominium Association, Inc. and Resource Property Management, Inc.'s Motion for Entitlement to Fees and/or Costs (Doc. # 67) is **GRANTED IN PART** and **DENIED IN PART.**

(3) Mr. O'Driscoll is entitled to recover reasonable attorney's fees from RPM incurred during the entirety of this action. Mr. O'Driscoll is entitled to recover reasonable costs from RPM incurred up until the point of the service of the Offer of Judgment on March 9, 2023.

(4) RPM and Arbor Grove are entitled to recover reasonable costs incurred after the service of the Offer of Judgment on March 9, 2023.

(5) Within 14 days of the entry of this order, Mr. O'Driscoll shall file a motion detailing his proposed attorney's fees and costs in accordance with the time limitations specified in this order for the Court's review.

Thereafter, RPM shall file its response to Mr. O'Driscoll's proposed costs and fees within 14 days.

(6) Within 14 days of the entry of this order, RPM and Arbor Grove shall file a motion detailing their proposed costs in accordance with the time limitations specified in this order. Thereafter, Mr. O'Driscoll shall file his response to RPM and Arbor Grove's proposed costs within 14 days.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of November, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE