```
UNITED STATES DISTRICT COURT
 MIDDLE DISTRICT OF FLORIDA
       TAMPA DIVISION
```

WILLIAM O'DRISCOLL,

       Plaintiff,

v.                                Case No. 8:22-cv-1984-VMC-LSG

ARBOR GROVE CONDOMINIUM
ASSOCIATION, INC., a Florida
not for profit corporation and
RESOURCE PROPERTY MANAGEMENT,

       Defendants.

_____/

## Order

This matter comes before the Court upon consideration of Defendants Arbor Grove Condominium Association, Inc. ("Arbor Grove") and Resource Property Management's ("RPM") Motion for Costs (Doc. # 72), and Plaintiff William O'Driscoll's Supplemental Motion for Attorney's Fees and Costs and for Multiplier (Doc. # 73), both filed on November 18, 2024. For the reasons that follow, Defendants' Motion is granted in part and denied in part, and Mr. O'Driscoll's Motion is granted in part and denied in part.

**I.   Background**

Mr. O'Driscoll initiated this action against Arbor Grove and RPM on August 29, 2022. (Doc. # 1). On November 14, 2022,

1

Mr. O'Driscoll filed an amended complaint, which is the operative complaint. (Doc. # 9). Count One of the complaint alleged a violation by both RPM and Arbor Grove of the Florida Consumer Collection Practices Act ("FCCPA"), and Count Two alleged a violation by RPM of the Fair Debt Collection Practices Act ("FDCPA"). (Id. at 6-7). Given the extensive litigation history of this case and the parties' familiarity with the same, the Court will only recite the facts relevant to this Motion.

On February 7, 2024, the Court granted in part and denied in part Defendants' motion for partial summary judgment. (Doc. # 49). The Court ordered that "[s]ummary judgment is granted in favor of Arbor Grove and RPM and against Plaintiff William O'Driscoll as to whether Arbor Grove and RPM properly imposed the $300 and $200 fines, and whether O'Driscoll can recover attorney's fees for his defense during the state court action seeking an injunction against him. The case will proceed to trial on all other issues." (Id. at 37).

Before trial, RPM and Arbor Grove stipulated that they violated the FCCPA, and RPM stipulated that it violated the FDCPA. (Doc. # 50 at 1-2). The two-day jury trial concluded with a verdict of $2,000 in statutory damages against RPM — $1,000 for violating the FDCPA and $1,000 for violating the

2

FCCPA — and $0 in statutory damages against Arbor Grove. (Doc. # 60). The jury awarded no actual damages to Mr. O'Driscoll. (Id.). On April 30, 2024, the Court accordingly entered judgment in favor of Mr. O'Driscoll and against Arbor Grove and RPM for $2,000. (Doc. # 68).

Mr. O'Driscoll and Defendants filed cross-motions for entitlement to attorney's fees and costs. (Doc. ## 65, 67). On November 4, 2024, the Court granted in part and denied in part each of the motions. (Doc. # 71). The Court determined that "Mr. O'Driscoll is entitled to recover reasonable attorney's fees from RPM incurred during the entirety of this action . . . [and] reasonable costs from RPM incurred up until the point of the service of the Offer of Judgment on March 9, 2023." (Id. at 18). The Court further concluded that "RPM and Arbor Grove are entitled to recover reasonable costs incurred after the service of the Offer of Judgment on March 9, 2023." (Id.).

Defendants also move for costs (Doc. # 72), and Mr. O'Driscoll moves for attorney's fees, costs, and a multiplier. (Doc. # 73). Mr. O'Driscoll filed two notices of supplemental authority in support of his Motion. (Doc. ## 77, 78). The Motions are fully briefed (Doc. ## 72, 73, 74, 75, 77, 78), and now ripe for review.

3

## II. Discussion

### A. Defendants' Motion for Costs

In relevant part, 28 U.S.C. § 1920 permits the Court to tax the following as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920(1)-(4). This includes depositions. See United States v. Kolesar, 313 F.2d 835, 837–38 (5th Cir.1963) ("Though 1920(2) does not specifically mention a deposition, . . . depositions are included by implication in the phrase 'stenographic transcript.'").

Defendants seek to recover $2,388.35 in costs incurred after March 9, 2023. (Doc. # 72 at 4). Specifically, the following itemized costs: (1) $434.75 for a transcript of the deposition of Ed Evans, Defendants' corporate representative, taken on May 18, 2023; (2) $1,726.60 for costs associated with Mr. O'Driscoll's deposition, including a Court Reporter and transcript, taken on April 25, 2023; (3) $130.00 in costs, including an $85.00 rush fee, for a private process server to subpoena records from Dr. Harshadkumar Patel, Mr.

4

O'Driscoll's treating psychiatrist and expert witness; and (4) $97.00 for the costs of production of Mr. O'Driscoll's records from Dr. Patel. (Id. at 3); see also (Doc. ## 72-1, 72-2, 72-3, 72-4).

Mr. O'Driscoll does not oppose $1,420.60 of the costs sought – namely, $1,375.60 of the costs incurred for a court reporter for Mr. O'Driscoll's deposition, and $45.00 of the fees associated with serving the subpoena upon Dr. Patel. (Doc. # 75 at 3). However, Mr. O'Driscoll opposes the remainder of the costs.

Upon review, the Court finds that Defendants' proposed costs are recoverable and reasonable, with one exception. Defendants did not explain why a rush fee was necessary to subpoena Dr. Patel, particularly as Mr. O'Driscoll points out, the invoice indicates that the process server took nearly two weeks to even attempt service. Therefore, the Court finds the $85.00 rush fee unreasonable.

The Court, however, is not persuaded by Mr. O'Driscoll's remaining objections. He provides no legal basis for his arguments. Although Mr. Evans' was not called to testify at trial, which Mr. O'Driscoll submits should bar recovery of the costs associated with his deposition transcript, his deposition was used at the summary judgment stage and the

5

costs are recoverable. See EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) ("A district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" (citation omitted)). The subpoenaed medical records used at summary judgment are recoverable as well.

Accordingly, Defendants' Motion is granted in part and denied in part. Defendants are entitled to recover costs in the amount of $2,303.35.

### B. Mr. O'Driscoll's Motion for Attorney's Fees and Costs and for Multiplier

Next, Mr. O'Driscoll's counsel moves for an award of $92,033.75 in attorney's fees and partial costs, which reflects a 2.15 multiplier of counsel's proposed lodestar. (Doc. # 73 at 1-2). Defendant RPM opposes counsel's hourly rate, hours expended, and entitlement to a multiplier. (Doc. # 74).

In determining a reasonable attorney's fees award, courts engage in a three-step process: (1) determine whether the party prevailed in the litigation; (2) calculate the lodestar amount by multiplying the number of hours reasonably expended in litigating the case by a reasonable hourly rate; and (3) adjust the lodestar to account for the results

6

obtained by the prevailing party, if needed. <u>Atlanta J. & Const. v. City of Atlanta Dep't of Aviation</u>, 442 F.3d 1283, 1289 (11th Cir. 2006). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." <u>Norman v. Hous. Auth. of City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988).

Courts are afforded broad discretion in addressing attorney's fees issues. See <u>Villano v. City of Boynton Beach</u>, 254 F.3d 1302, 1305 (11th Cir. 2001) ("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations." (internal citation omitted)). Indeed, the Court, being "itself an expert," may rely on its own knowledge and experience in determining reasonable and proper fees. <u>Norman</u>, 836 F.2d at 1303.

The Court has already determined that Mr. O'Driscoll is the prevailing party and thus entitled to reasonable attorney's fees and partial costs. (Doc. # 71). Accordingly, the Court turns to calculating the lodestar and evaluating whether any further adjustment is needed.

### 1. **Reasonableness of Counsel's Hourly Rate**

To calculate the lodestar here, the first step is to determine the reasonable hourly rate for the work performed

7

by Mr. O'Driscoll's counsel. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1303 (citation omitted). The fee applicant bears the burden of establishing that the requested hourly rate aligns with prevailing market rates. Id. at 1299.

Mr. O'Driscoll's counsel is a solo practitioner billing at a rate of $450.00 per hour. (Doc. # 73). In support of his hourly rate, counsel offers his declaration and CV, as well as the United States Consumer Law Survey, 2017-2018, and the 2023 Fitzpatrick Matrix (formerly, the Laffey Matrix), published by the U.S. Attorney's Office for the District of Columbia. (Doc. ## 73-1, 73-2, 73-3, 73-5). Notably, "this district has repeatedly found that the surveys [that Mr. O'Driscoll's counsel] relies upon are not persuasive for purposes of determining a reasonable rate." Raimondi v. Zakheim & Lavrar, P.A., No. 6:11-cv-480-GAP-DAB, 2012 WL 1382255, at *6 (M.D. Fla. Apr. 5, 2012) (rejecting the United States Consumer Law Attorney Fee Survey Report, 2010–2011, and the Laffey Matrix, prepared by the United States Attorney's Office for the District of Columbia), report and

8

recommendation adopted, No. 6:11-CV-480-GAP-DAB, 2012 WL 1382221 (M.D. Fla. Apr. 20, 2012).

Indeed, the relevant community here is Tampa, and counsel provides no case in this district that has awarded an hourly rate of $450.00 for similar services. Furthermore, while counsel asks the Court to adjust rates awarded by other courts for inflation in order to justify his $450.00 hourly rate, he has not provided any case in this district — or even within this circuit — where a court has done so. Accordingly, counsel has not met his burden of establishing that his hourly rate is the prevailing market rate for similar services performed by comparably skilled attorneys in this community.

Based on a careful review of the documentation submitted by Mr. O'Driscoll's counsel and the Court's own expertise, the Court finds it appropriate to reduce counsel's hourly rate to $325.00 per hour. See Johnson v. Critical Resol. Mediation LLC, No. 3:16-cv-632-MMH-MCR, 2017 WL 2590007, at *7 (M.D. Fla. Apr. 24, 2017) (collecting cases and reducing Mr. Smith's hourly rate from $450.00 to $325.00 and Mr. Marco's hourly rate from $385.00 to $325.00), report and recommendation adopted, No. 3:16-cv-632-MMH-MCR, 2017 WL 2578705 (M.D. Fla. June 14, 2017); LoBello v. HSNi, LLC; No. 8:24-cv-00026-VMC-SPF, Doc. # 63 at 8-9 (M.D. Fla. March 25,

9

2025) (approving hourly rate of $325 for attorney who had been practicing for seventeen years).

### 2. **Reasonableness of Compensable Hours**

The next step in calculating the lodestar is to determine the reasonable number of hours counsel expended on this case. The applicant must establish its hours worked. Hours that are "excessive, redundant or otherwise unnecessary" should be excluded from the amount claimed. Norman, 836 F.2d at 1301. Furthermore, "[a] court may deduct hours from the time billed if it finds that the billing entries are either unacceptably vague or so heavily redacted that it cannot discern the legal services provided." Arnold v. Source Sols. Mgmt., LLC, No. 8:20-cv-2519-SCB-SPF, 2021 WL 2515204, at *4 (M.D. Fla. Apr. 27, 2021) (citation omitted).

Mr. O'Driscoll's counsel submits that 95.20 hours were expended litigating this case. According to the submitted billing invoice, 95.10 hours were billed by counsel himself, while .10 hours were billed by his assistant. (Doc. # 73 at 6; Doc. # 73-4).

RPM argues that most entries in the submitted invoice "are so vague it is impossible to determine whether the task was one that required an attorney, was an administrative task, or involved a legal service." (Doc. # 74 at 18). The Court

10

agrees with RPM. "[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment." Norman, 836 F.2d at 1306. Even though Mr. O'Driscoll's counsel is a solo practitioner, "costs associated with solely clerical tasks are overhead expenses which are not compensable in the attorneys' fee award." Rynd v. Nat'l Mut. Fire Ins. Co., No. 8:09-cv-1556-JDW-TGW, 2012 WL 939387, at *5 (M.D. Fla. Jan. 25, 2012), report and recommendation adopted, No. 8:09-cv-1556-JDW-TGW, 2012 WL 939247 (M.D. Fla. Mar. 20, 2012).

The Court has reviewed counsel's billing records and finds multiple entries which are clearly clerical. (Doc. # 73-4). These entries include checking the case status, emailing with opposing counsel to schedule events like the mediation conference, reviewing invoices, and calendaring dates. (Id.). The Court concludes that these hours devoted to clerical tasks should be reduced. There are also dozens of entries which vaguely refer to calls and emails with Mr. O'Driscoll. (Id.). While the Court of course understands the importance of keeping the client informed on the status of the case, the Court also infers that some of these

11

communications could have been handled by a legal assistant. For example, a legal assistant could handle tasks like scheduling dates with Mr. O'Driscoll for holding the mediation. A legal assistant could also handle providing basic updates on the status of the case. Accordingly, the Court finds that a portion of these entries dedicated to communicating with the client should be reduced.

Given the vagueness of counsel's entries, the Court is unable to determine exactly how many hours were dedicated to clerical tasks. Thus, the Court must deduct the overall hours by a certain percentage. See Rynd, 2012 WL 939387, at *5 ("[I]n determining the hours to be reduced, the court 'may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.'" (quoting Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir.2008)). The Court finds that reducing counsel's overall hours by 25% across-the-board appropriately reflects the amount of time that counsel likely devoted to clerical matters. See Freedom Med., Inc. v. Sewpersaud, No. 6:20-cv-771-RBD-GJK, 2021 WL 252213, at *2 (M.D. Fla. Jan. 26, 2021) (applying 25% across-the-board reduction because "some, but not all, of the entries included clerical work"); St. Fleur v. City of Fort Lauderdale, 149 F. App'x 849, 853 (11th Cir.

2005) (approving 30% reduction because "Plaintiff's lawyers had included time spent on . . . duplicated efforts, excessive meetings between attorneys, billing for administrative tasks, senior counsel's billing for legal research that could have been assigned to an associate or paralegal, and billing at full rates for non-legal tasks like travel and clerical functions"); Miller v. Heritage Manor Assisted Living Facility, Corp., No. 8:19-cv-2500-WFJ-AAS, 2020 WL 6363883, at *2 n.2 (M.D. Fla. Oct. 29, 2020) ("The alternate method of an across-the-board reduction of fees typically ranges from 10 to 35 percent but may be higher.").

Accordingly, Mr. O'Driscoll's counsel may recover for 68.85 hours, reflecting his hours expended reduced by 25%, at an hourly rate of $325.00. Mr. O'Driscoll's counsel may also recover the .10 hours billed by his assistant at a rate of $125.00 per hour, as the parties do not dispute her billing or hourly rate. Upon review of the Motion, billing invoice, and counsel's additional submissions, the Court finds that $22,388.75 is a reasonable award of attorney's fees under the circumstances of this case.

### 3. Adjustment of the Lodestar

Mr. O'Driscoll's counsel contends that the Court should apply a 2.15 contingency multiplier to his lodestar. The Court

finds no justification to do so. "[T]here is a 'strong' presumption that the lodestar reflects a reasonable statutory fee." Ottaviano v. Nautilus Ins. Co., 717 F. Supp. 2d 1259, 1272 (M.D. Fla. 2010). "If the results obtained were exceptional, then some enhancement of the lodestar might be called for." Norman, 836 F.2d at 1302. Here, the results obtained were not exceptional. Mr. O'Driscoll only obtained statutory damages and failed to obtain actual damages. (Doc. # 60). Thus, Mr. O'Driscoll's counsel is not entitled to any adjustment of the lodestar.

Therefore, the Motion is granted in part and denied in part as set forth in this Order.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Arbor Grove Condominium Association, Inc. and Resource Property Management's Motion for Costs (Doc. # 72) is **GRANTED** in part and **DENIED** in part. The Clerk is directed to enter judgment for costs in favor of Defendants and against Plaintiff William O'Driscoll in the amount of $2,303.35.

(2) Plaintiff's Supplemental Motion for Attorney's Fees and Costs and for Multiplier (Doc. # 73) is **GRANTED** in part and **DENIED** in part. The Clerk is directed to enter

judgment for attorney's fees in favor of Plaintiff and against Defendants in the amount of $22,388.75.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>30th</u> day of April, 2025.

                                             *Virginia M. Hernandez Covington*
                                             VIRGINIA M. HERNANDEZ COVINGTON
                                             UNITED STATES DISTRICT JUDGE